# UNITED STATES DISTRICT COURT
## ——————— District of Kansas ———————

FILED
U.S. District Court
District of Kansas

DEC 1 1 2025

Clerk, U.S. District Court
By_____Deputy Clerk

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

TREVEN D PASTEKA,

      Defendant.

CASE NO. 25 - 6270 - 01 - GEB

## COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1

#### TRANSPORTATION OF CHILD PORNOGRAPHY
#### [18 U.S.C. § 2252A(a)(1)]

On or about July 31, 2025, in the District of Kansas, the defendant,

#### TREVEN D PASTEKA,

did knowingly transport using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, child pornography, as defined in Title 18, United States Code, Section 2256(8), knowing that that images were child pornography.

In violation of Title 18, United States Code, Section 2252A(a),

## COUNT 2

### PRODUCTION OF OBSCENE VISUAL REPRESENTATION
### OF THE SEXUAL ABUSE OF CHILDREN
### [18 U.S.C. § 1466A(a)(1)]

Between on or about March 3, 2022, and November 18, 2025, in the District of

Kansas, the defendant,

### TREVEN D PASTEKA,

did knowingly produce a visual depiction of any kind, including a computer generated

image, that is obscene and depicts Minor Victim 1, Minor Victim 2 and Minor Victim 3

(minor children whose identities are known to law enforcement) engaging in sexually

explicit conduct, as defined in Title 18, United States Code, Section 2256, and this visual

depiction had been mailed, or shipped or transported in interstate or foreign commerce by

any means, including by computer, or was produced using materials that have been

mailed, or that have been shipped or transported in interstate or foreign commerce by any

means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1) with reference to

Title 18, United States Code, Section 1466A(d)(4).

## COUNT 3

### POSSESSION OF CHILD PORNOGRAPHY
### [18 U.S.C. 2252A(a)(5)(B)]

On or about November 18, 2025, in the District of Kansas, the defendant,

### TREVEN D PASTEKA,

2

knowingly possessed and accessed with intent to view any computer disk and other material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, shipped and transported using any means and facility of interstate foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such child pornography involved a prepubescent minor who had not attained 12 years of age.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).


**SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.**

_____
Jason Newberry
TFO U.S. Department of Homeland Security
Wichita Police Department Detective


Subscribed and sworn before me this ____ day of December, 2025.


_____
THE HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge

3

## PENALTIES

**Count 1: 18 U.S.C. § 2252A(a)(1): TRANSPORTATION OF CHILD PORNOGRAPHY**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252A(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 2: 18 U.S.C. § 1446A(a)(1) PRODUCTION OF OBSCENE VISUAL REPRESENTATION OF THE SEXUAL ABUSE OF CHILDREN**

4

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252A(b)(1).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of not more than (5) years. 18 U.S.C. § 3583(b).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.


**Count 3 – Possession of Child Pornography**

- Punishable by a term of imprisonment of not more than twenty years (20) years. If such person has a prior conviction under chapter 71, chapter 109A, chapter 110, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be for not less than ten (10) years nor more than twenty (20) years. 18 U.S.C. § 2252A(b)(2).

- A term of supervised release of not less than five (5) years and up to life.  18 U.S.C. § 3583(k).

- A fine not to exceed $250,000.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person.  18 U.S.C. §3014(a)(3)

- An assessment of not more than $17,000.00. 18 U.S.C. § 2259A(a)(1).

5

## AFFIDAVIT

I, Jason Newberry, am a Detective with the Wichita Police Department (since January 2007) and am currently assigned to the Kansas Internet Crimes Against Children's (KIAC) Task Force in Wichita, Kansas. I have been a Task Force Officer with the Department of Homeland Security's ('DHS'), Homeland Security Investigations ('HSI') since September 2024. This criminal complaint is based on the following facts which were provided by the National Center for Missing & Exploited Children ('NCMEC') and other duly sworn law enforcement officers involved in the investigation.

## BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

1. On or about August 3, 2025, Synchronoss Technologies made a CyberTipline Report ("CTR") to NCMEC[1] regarding the uploading of a file containing child exploitation material.[2]

2. The upload took place on or about July 31, 2025.

3. The video file is 1 minute and 7 seconds in length and shows a prepubescent female child pulling down her tights and exposing her buttocks and genitals to the camera. The file was uploaded from an IP address associated with TREVEN PASTEKA in the District of Kansas.

4. A search warrant was obtained for records and data associated to Synchronoss Technologies and Verizon. Each warrant came back with indicia of ownership related to

---

[1] NCMEC is a nonprofit organization established by the United States Congress. NCMEC operates the CyberTipline, which was established by Congress to process reports of child sexual exploitation. NCMEC reviews these reports and shares them with the appropriate law enforcement agency and/or Internet Crimes Against Children (ICAC) task forces. Anyone can make a report to the CyberTipline but reporting is required for certain electronic service providers who become aware of child exploitation material.

[2] This material may also be referred to as Child Pornography, as defined in 18 U.S.C. § 2256(8)

1

TREVEN PASTEKA, including photographs of TREVEN PASTEKA and a credit card statement belonging to TREVEN PASTEKA. The child sex abuse material originally reported in the Cybertip was also present in the content of the Synchronoss account.

5. The files uploaded in the Synchronoss account appeared to have been uploaded from a Samsung Galax S24 cell phone.

6. I obtained a search warrant for Cox Communications records associated with IP address to upload and distribute the child pornography. A review of these records showed that the internet account used to upload the child pornography was assigned to TREVEN PASTEKA with an address, phone number and email associated with TREVEN PASTEKA.

7. Utilizing law enforcement databases, I discovered that TREVEN PASTEKA has been reported living at the listed address for the IP address in the District of Kansas.

8. On or about November 18, 2025, I conducted audio recorded, post Miranda interview of TREVEN PASTEKA at his place of employment. During the interview, TREVEN PASTEKA provided the following:

    a. TREVEN PASTEKA had a Samsung Galaxy S24 phone through Verizon and that he used Verizon Cloud Storage on his account and Cox internet at his residence. TREVEN PASTEKA verified that no one else is on his Verizon account

    b. TREVEN PASTEKA positively identified himself as the person depicted in two images of him masturbating in a vehicle that came from the search warrant return from his Verizon account.

c. TREVEN PASTEKA admitted to obtaining pornography from the internet and various social medial platform. TREVEN PASTEKA admitted to seeing pornography that he thought was illegal, meaning a person under the age of 18.

d. TREVEN PASTEKA was shown the child sex abuse material image that was the subject of the Cybertip. TREVEN PASTEKA estimated the female child to be under the age of 14 and stated he thought he shared it with someone else. TREVEN PASTEKA recognized the video and admitted to finding the video on the internet.

e. When asked if there would be other child sex abuse materials on his phone, TREVEN PASTEKA stated there might be other files in his secure folder where he used AI to remove clothing from girls "probably younger than they should be."

9. I seized TREVEN PASTEKA's cellular device that he had in his possession and placed it in a secure location in the Internet Crimes Against Children unit.

10. A search warrant was obtained for the device.

11. During the forensic review of the phone, an image of four nude children taken in a school gym was found. The original, non-nude image of the children was found as well. The image appeared to be altered using AI software to make three of the four children appear completely nude and one to appear without a shirt on.

12. The four minor children were positively identified as real children. TREVEN PASTEKA is Facebook friends with one of the minor victim's parents who had posted the original

3

picture of the minor children on Facebook.  The parent of one of the minor victims stated the picture was originally taken on March 3, 2022.

Based on the foregoing facts, I believe there is probable cause to find that TREVEN PASTEKA, residing in Kansas, has engaged in the following violations of federal law:

1.  TRANSPORTATION OF CHILD PORNOGRAPHY [18 U.S.C. § 2252A(a)(1)] on or about July 31, 2025;

2.  PRODUCTION OF OBSCENE VISUAL REPRESENTATION OF THE  SEXUAL ABUSE OF CHILDREN [18 U.S.C. § 1466A(a)(1)] between on or about March 3, 2022, and November 18, 2025; and

3.  Possession of Child Pornography [18 U.S.C. 2252A(a)(5)(B)] on or about November 18, 2025.

_____
JASON NEWBERRY, TFO
Homeland Security Investigations

Subscribed and sworn before me this _____ day of December, 2025.

_____
HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge.

4